# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BRYANT KENNETH JAMES YOCOM,**

      **Plaintiff,**

**-vs-**                                           **Case No. 6:05-cv-590-Orl-28DAB**

**RACHAEL LEIGH YOCOM,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **AMENDED MOTION FOR ATTORNEY FEES (Doc. No. 28)**
>
> **FILED:** September 9, 2005
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

### *BACKGROUND*

Petitioner filed his action seeking return of his minor child, pursuant to 42 U.S.C. § 11601, *et seq.* and The Hague Convention on the Civil Aspects of International Child Abduction (Doc. No. 1). Following an evidentiary hearing, the District Court granted the Petition, and ordered return of the child (Doc. No. 21). Respondent filed a Notice of Appeal (Doc. No. 22). Petitioner filed a Motion for Attorney Fees (Doc. No. 25), which was denied, without prejudice, due to the pendency of the

appeal (Doc. No. 26). The Court of Appeals has since dismissed the appeal for want of prosecution (Doc. No. 27), and Petitioner filed the instant motion, seeking an award of attorney's fees in the amount of $5,600.00, plus costs, for a total claim of $6,624.65. Respondent has filed papers, indicating that she is not employed, owns no assets and is unable to satisfy any judgment (Doc. No. 30). It is **respectfully recommended** that the motion be **denied.**

### *ANALYSIS*

The Hague Convention provides that "Any court ordering the return of a child . . . shall order the respondent to pay necessary expenses . . . including court costs [and] legal fees . . . unless the respondent establishes that such order would be clearly inappropriate." 42 U.S.C. § 11607(b)(3). In determining the appropriateness of such an order, courts have considered the financial circumstances of the respondent. *See Whallon v. Lynn*, 356 F.3d 138, 140 (1st Cir. 2004) (reduction appropriate in that the statute gives "the district court broad discretion in its effort to comply with the Hague Convention consistently with our own laws and standards" and preserving the ability of a respondent to care for her child is an important factor to consider); *Rydder v. Rydder*, 49 F.3d 369, 373-74 (8th Cir.1995) (reducing fees by almost half because of Mrs. Rydder's financial circumstances); *Berendsen v. Nichols*, 938 F.Supp. 737, 739 (D. Kan. 1996) (reducing requested fees and costs by 15% in light of father's financial status and support of his children). Here, while the Court did, indeed, order the return of the child, in view of Respondent's uncontested status as a pauper, with no job or demonstrated ability to satisfy any judgment, an award of fees and costs appears to be futile.[1] While the Court is not unsympathetic to the position of Petitioner, and is aware that Petitioner incurred fees

---

[1] The Court notes that the appeal filed by Respondent was dismissed due to failure to pay the filing fee, and Respondent avers that she has been unable to return to Germany to be near her child, apparently due to financial difficulties.

and costs in connection with the return of the child, any funds the Respondent is able to obtain are better used to facilitate the ability of Respondent to visit with her child in Germany.[2]

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 29, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2]The Court notes that Petitioner is employed.